IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE DUNIGAN, ) | |
| ) | No. 16 C 9645 |
| Plaintiff, ) | |
| ) | Magistrate Judge M. David Weisman |
| v. ) | |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Stephanie Dunigan appeals the Commissioner's decision denying her application for Social Security benefits. For the reasons set forth below, the Court reverses the Commissioner's decision.

### Background

Plaintiff filed an application for benefits on November 27, 2012. (R. 72.) Her application was denied initially on March 15, 2013, and again on reconsideration on September 26, 2013. (R. 86.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on December 15, 2014. (R. 39-71.) On April 22, 2015, the ALJ issued a decision denying plaintiff's application. (R. 18-31.) The Appeals Council denied review (R. 1-4), leaving the ALJ's decision as the final decision of the Commissioner. *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

---

[1] On January 23, 2017, Nancy A. Berryhill succeeded Carolyn W. Colvin as Acting Commissioner of Social Security. *See* https://www.ssa.gov/agency/commissioner.html (last visited Aug. 17, 2017). Accordingly, the Court substitutes Berryhill for Colvin pursuant to Federal Rule of Civil Procedure 25(d).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. Under the regulations, the Commissioner must consider: (1) whether the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether the claimant's impairment meets or equals any listed impairment; (4) if not, whether the claimant retains the residual functional capacity ("RFC") to perform his past relevant work; and (5) if not, whether he is unable to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four, and if that burden is met, the burden shifts at step five to the Commissioner to provide evidence that the claimant is capable of performing work existing in significant numbers in the national economy. *See* 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since her application date. (R. 20.) At step two, the ALJ found that plaintiff had the severe impairments of "major depressive disorder; generalized anxiety disorder[;] posttraumatic stress disorder; history of cocaine and alcohol abuse; obesity; and a history of right heel fracture." (*Id.*) At step three, the ALJ determined that plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (R. 21.) At step four, the ALJ found that plaintiff had no past relevant work, but had the RFC to perform light work with additional restrictions, and thus she was not disabled. (R. 23, 29-30.)

Plaintiff contends that the ALJ improperly rejected the opinion of her treating physician, Dr. Rafeyan. An ALJ must give a treating physician's opinion controlling weight if "it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2); *Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011). The ALJ must give "good reasons" for the weight that she assigns a treating physician's opinion. *Bates v. Colvin*, 736 F.3d 1093, 1101 (7th Cir. 2013); *Roddy v. Astrue*, 705 F.3d 631, 636-37 (7th Cir. 2013). "If an ALJ does not give a treating physician's opinion controlling weight, the regulations require [her] to consider the length, nature, and extent of the treatment relationship, frequency of examination, the physician's specialty, the types of tests performed, and the consistency and supportability of the physician's opinion." *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009); *see* 20 C.F.R. § 404.1527(c).

Dr. Rafeyan, plaintiff's treating psychiatrist, opined that plaintiff would have moderate or marked limitations in understanding instructions and work procedures, maintaining attention and concentration for extended periods, making plans independently, appropriately interacting with the public and co-workers, and responding appropriately to workplace changes. (R. 646.) Dr.

3

Rafeyan also said that plaintiff was able to carry out "simple, one-to-two step instructions" and make "simple work-related decisions." (*Id.*) Further, Dr. Rafeyan estimated that plaintiff's impairments would cause her to be absent from work more than three times a month. (R. 647.)

With respect to these opinions, the ALJ said:

> I agree that the claimant would have no limitation carrying out simple instruction [sic] and making simple work related decisions. I also restrict her from contact with the general public and joint tasks. However, Dr. Rafeyan's opinion as a whole is given little weight, as it appears to be a sympathetic opinion based upon the claimant's subjective complaints. The claimant's statements and reports to Dr. Rafeyan are inconsistent with other evidence of record. For example, her reports of auditory hallucinations to Dr. Rafeyan are in contrast to the records from Cermak and the consultative examination where she denied hallucinations or paranoia. She reported no history of cocaine use to Dr. Rafeyan but Cermak records reflect a history of cocaine use. The record shows that the claimant received only outpatient treatment during the relevant adjudicative period with no psychiatric hospitalizations.

(R. 28-29) (citations omitted).

As an initial matter, the ALJ's rejection of Dr. Rafeyan's opinions because they are based on "subjective complaints" is tantamount to rejecting psychiatry, *see Addington v. Texas*, 441 U.S. 418, 430 (1979) (noting that "[p]sychiatric diagnosis . . . is to a large extent based on medical 'impressions' drawn from subjective analysis and filtered through the experience of the diagnostician"), and ignores Dr. Rafeyan's objective findings (R. at 644 (stating that plaintiff exhibited "vigilance and scanning," "[m]otor tension," "[p]sychomotor retardation," "poor memory," and "slowed speech")).

Moreover, the inconsistencies in the medical records cited by the ALJ are either illusory or irrelevant. First, the record from the consultative examination does not say that plaintiff denied having hallucinations, but rather that plaintiff did not "*evidence* significant . . . hallucinations" during the exam. (R. 446) (emphasis added). Second, the record suggests that plaintiff has hallucinations about her father when she is at home because that is the place where

4

he died. (*See* R. 574.) Thus, her denial of hallucinations when she was incarcerated and treated at Cermak is not necessarily inconsistent with her subsequent report of hallucinations to Dr. Rafeyan. Third, Dr. Rafeyan's purported ignorance of plaintiff's past cocaine use[2] and his failure to hospitalize her are not probative of the validity of his opinions about her current ability to function. *Quinones v. Colvin*, No. 15 CV 6072, 2017 WL 337993, at *4 (N.D. Ill. Jan. 23, 2017) ("Nothing in the SSRs or regulations requires a claimant to be hospitalized to demonstrate a severe mental impairment."); *see Voigt v. Colvin*, 781 F.3d 871, 876 (7th Cir. 2015) ("The administrative law judge went far outside the record when he said that if Voigt were as psychologically afflicted as Day thought, he 'would need to be institutionalized and/or have frequent inpatient treatment'—a medical conjecture that the administrative law judge was not competent to make . . . .").

Even if these alleged inconsistencies justified not giving Dr. Rafeyan's opinions controlling weight, the ALJ was still required to, but did not, evaluate those opinions using the regulatory factors, *i.e.*, "to consider the length, nature, and extent of the treatment relationship, frequency of examination, the physician's specialty, the types of tests performed, and the consistency and supportability of the physician's opinion." *Moss*, 555 F.3d at 561. Her failure to do so was error. *Larson v. Astrue*, 615 F.3d 744, 751 (7th Cir. 2010) ("Even if the ALJ had articulated good reasons for rejecting Dr. Rhoades's opinion, it still would have been necessary to determine what weight his opinion was due under the applicable regulations.) (citing 20 C.F.R. § 404.1527(d)(2)); *Elder v. Astrue*, 529 F.3d 408, 415 (7th Cir. 2008) (stating that "we must allow [an ALJ's] decision" to "discount[] the [treating] physician's opinion" if he does so *after* considering the[] [regulatory] factors").

---

[2]The ALJ assumes that Dr. Rafeyan was unaware of plaintiff's past drug use because the doctor does not mention it in his notes, not because his notes say she denied having used drugs.

5

The ALJ's failure to consider these regulatory factors is of great significance here because her rejection of Dr. Rafeyan's opinions is apparently not premised on Dr. Rafeyan's medical work product. Rather, the ALJ reasoned that the information plaintiff gave to her treating physician was not reliable, and thus the physician's opinion was not reliable. (R. 28 ("The claimant's statements and reports to Dr. Rafeyan are inconsistent with other evidence of record.").) The ALJ's unamplified reasoning on this point seems to presume that a trained psychiatrist can be duped by a patient who presents false symptomology to the doctor. While such a situation is not inconceivable, we cannot accept that conclusion here without a more robust explanation from the ALJ, including careful consideration of the regulatory factors. *See* 20 C.F.R. § 404.1427(d)(2).

## Conclusion

In short, the ALJ's rejection of Dr. Rafeyan's opinion is not supported by "substantial evidence in the record." *White*, 965 F.2d at 136. Accordingly, the Court denies the Commissioner's motion for summary judgment [14], grants plaintiff's motion for summary judgment [9], reverses the Commissioner's decision, and remands this case for a reevaluation of the medical evidence and a reassessment of other issues, such as symptom evaluation and RFC, that are informed by that evidence.

**SO ORDERED.**  **ENTERED:  August 18, 2017**

*/s/ M. David Weisman*

**M. David Weisman**
**United States Magistrate Judge**